## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mustapha Sheriff, | Case No. 20-CV-1766 (NEB/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mustapha Issac of Security One Company, Mustapha Issac, Sofia Hersi of Charity of Life, Millennium Hotel, Target, Nic 1500, Steven Community Apartment, Lady in Apartment 209, Lady in Red Car, John or Jane Doe, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Mustapha Sheriff's application for leave to proceed *in forma pauperis,* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 2). The underlying handwritten complaint is difficult to comprehend. (Doc. 1). Typically, the Court considers the IFP application before any other action may be taken, however where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per

1

curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Sheriff's 46-page complaint is difficult to follow and repetitive. He names himself the head of the state of Minnesota, and he demands money and assets from the named defendants. All his allegations tend to suggest that the named defendants have committed financial crimes against him or have prevented him from pursuing money-making endeavors. Although the complaint is long, none of the allegations identify any violation of federal law that this Court has the authority to address. The complaint simply does not contain a viable claim for relief. Thus, this Court finds it appropriate to recommend dismissal of this case and denial of the associated IFP application.

Based on the filings herein, **IT IS RECOMMENDED THAT**:

1. The case be hereby **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

Date: August 26, 2020          *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).