# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MUSTAPHA SHERIFF, | Case No. 20-CV-1766 (NEB/KMM) |
| Plaintiff, | |
| v. | |
| MUSTAPHA ISAAC d/b/a SECURITY COMPANY ONE, MUSTAPHA ISAAC, SOFIA HERSI d/b/a CHARITY OF LIFE, MILLENNIUM HOTEL, TARGET, NIC 1500, STEVEN COMMUNITY APARTMENT, LADY IN APARTMENT 209, LADY IN RED CAR, JOHN OR JANE DOE | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| Defendants. | |

*Pro se* Plaintiff Mustapha Sheriff brought this action alleging fraud, theft, and other financial crimes on August 14, 2020. (ECF No. 1). Sheriff seeks *in forma pauperis* ("IFP") status. (ECF No. 2.) In a Report and Recommendation dated August 26, 2020, United States Magistrate Judge Katherine Menendez, screening Sheriff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Sheriff is attempting to proceed IFP, recommends dismissing the case without prejudice and denying Sheriff's IFP motion as moot. (ECF No. 4 ("R&R") at 1.) Sheriff timely filed an objection to the R&R (ECF No. 6), and so the Court conducts a *de novo* review of the portions of the R&R to which he objects. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

A district court must review "proper objections[s]" to R&Rs *de novo*. *Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). Objections are not proper where they are general or conclusory and do not identify specific error in the magistrate judge's recommendations. *Reed v. Curry Concrete Constr., Inc.*, No. 10-CV-4329 (JRT/LIB), 2011 WL 2015217, at *2 (D. Minn. May 23, 2011). "Without objections, a district court is under no obligation to review the factual or legal conclusions of [an R&R]." *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). If a party does not file proper objections to an R&R, the Court may review the R&R "as if no objections were filed." *Id.*; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

The Court finds that Sheriff has made no proper objections to the R&R; he did not specifically object to any of the R&R's findings. Instead, Sheriff merely restated his original allegations and claimed that Magistrate Judge Menendez did not "investigate[] properly" the allegations in his Complaint.[1] (ECF No. 6 at 5.) Because Sheriff's objections are general, conclusory, and do not identify specific findings in the R&R, they are not proper.

---

[1] Sheriff seems to confuse the role of the Magistrate Judge. It is the role of the parties—not the Magistrate Judge—to investigate claims and present evidence. *See generally* D. Minn. L.R. 72.1 (describing Magistrate Judge duties). Further, it is the Magistrate Judge who makes recommendations, not the parties. (*See* ECF No. 6 at 4–7 (providing her recommendations on the case to the Court).)

Accordingly, when there are no objections, the Court determines whether the recommendations are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); *Grinder*, 73 F.3d at 795. Having reviewed the R&R, the Court finds no clear error.

Therefore, based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 4) is ACCEPTED;

2. To the extent that Plaintiff's Objection (ECF No. 6) can be construed as specific objections to the R&R, it is OVERRRULED;

3. This action is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i);

4. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 10, 2020            BY THE COURT:

                                    s/Nancy E. Brasel
                                    Nancy E. Brasel
                                    United States District Judge